{¶ 29} I respectfully dissent from the majority's opinion that Mr. Beaumont's statements to Ms. Brown as set forth in her affidavit are not hearsay.
 {¶ 30} Mr. Beaumont is an agent/employee of appellee's insurance carrier. Mr. Beaumont is not an agent or personal representative of appellee even though there could possibly be some third party benefit to appellee if there was a settlement. Further, there was no privity between appellee and Mr. Beaumont; therefore, Mr. Beaumont's statement does not qualify under Evid.R. 801(D)(2). Even if it could be established that Mr. Beaumont was an agent or person authorized to make a statement on behalf of appellee, I would find the nature and context of the statement puts it clearly as inadmissible under Evid.R. 408.
 {¶ 31} I further disagree that appellee's motion to strike must specifically delineate the reasons for the objection. Ohio abandoned specific objection with the adoption of the Civil Rules in 1970, specifically, Civ.R. 46, therefore, it was not necessary to specifically state the reasons as the trial court is presumed to understand the objection.
 {¶ 32} I would deny Assignment of Error II and affirm the trial court's granting of summary judgment to appellee.